(Rev. 5/05)

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

(1) **Richard I. Blackston #215299**
(Name of Plaintiff)    (Inmate Number)

**P.O. Box 9561, Wilm., DE 19809**
(Complete Address with zip code)

06 - 448

(2) _____
(Name of Plaintiff)    (Inmate Number)

(Case Number)
( to be assigned by U.S. District Court)

_____
(Complete Address with zip code)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

vs.

**CIVIL COMPLAINT**

(1) **Correctional Medical Systems (CMS)**

(2) _____

Jury Trial Requested

(3) _____
(Names of Defendants)

FILED
JUL 24 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

BD Scanned
IFP

I.   PREVIOUS LAWSUITS

A.   If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number
     including year, as well as the name of the judicial officer to whom it was assigned:

**N/A**

II. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A. Is there a prisoner grievance procedure available at your present institution? •(•Yes) ••No

B. Have you fully exhausted your available administrative remedies regarding each of your present claims? •(Yes) ••No

C. If your answer to "B" is Yes:

1. What steps did you take? I FILED SEVERAL GRIEVANCES ABOUT MY ISSUE.

2. What was the result? THE GRIEVANCES WERE RETURNED TO ME AS "NON-GRIEVABLE."

D. If your answer to "B" is No, explain why not: N/A

III. **DEFENDANTS** (in order listed on the caption)

(1) Name of first defendant: CORRECTIONAL MEDICAL SYSTEMS (CMS)

Employed as HEALTH CARE PROVIDER at H.R.Y.C.I.

Mailing address with zip code: 12647 OLIVE BLVD. ST. LOUIS, MO 63141

(2) Name of second defendant: _____

Employed as _____ at _____

Mailing address with zip code: _____

(3) Name of third defendant: _____

Employed as _____ at _____

Mailing address with zip code: _____

(List any additional defendants, their employment, and addresses with zip codes, on extra sheets if necessary)

2

## IV. STATEMENT OF CLAIM

(State as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets of paper if necessary.)

1. SEE ATTACHED

2. SEE ATTACHED

3. SEE ATTACHED

## V. RELIEF

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. DUE TO THE KNOWING, INTENTIONAL, AND MALICIOUS DELIBERATE INDIFFERENCE AND CRUEL AND UNUSUAL PUNISHMENT, I REQUEST EXTENSIVE MONETARY PUNITIVE DAMAGES.

3

## INITIAL COMPLAINT

1. Circa April of 2006, the Plaintiff visited the in-house Dentist at the Howard R. Correctional Institution, wherein he properly had two (2) bottom, right molars pulled.
2. While the aforementioned pulling was in progress, the Plaintiff alerted the dentist to the fact that he was in severe pain due to a front, left tooth that was in need of a filling. Upon receiving the Plaintiff's request for a filling, the dentist informed him that their was an unwritten *policy* that prohibited any fillings from being placed in inmates' teeth without the requesting inmate having at least 6 months served inside of the facility. The Plaintiff promptly requested to view the so-called policy, but was summarily denied access, seemingly because the *policy* did not exist.
3. Following the appropriate protocol for incidents such as the aforementioned, the Plaintiff filed an Inmate Grievance with the Commissioner of Corrections on the matter in April of 2006 (the same month that the incident occurred). He thoroughly and clearly articulated his cause of action, and humbly requested that he be granted proper medical care, referring to the obvious pain and discomfort that he was experiencing due to his bad front, left tooth.
4. The aforesaid Inmate Grievance was returned to the Inmate Grievance Committee at Howard R. Young Correctional Institution from Commissioner Stanley Taylor, and presumed to be "pending a hearing."
5. A hearing was never convened, and the Plaintiff's pain continued to accrue at a very rapid and immense rate.
6. Subsequent to the above-mentioned chain of events, the Plaintiff filed a follow-up grievance in June of 2006, which he sent directly to Warden Raphael Williams of H.R.Y.C.I. The said grievance was, again, returned to the Inmate Grievance Committee within H.R.Y.C.I., instead of being reviewed on the emergency basis that it was submitted in.
7. The Inmate Grievance Committed, upon an *ad hoc* summary perusal of the Plaintiff's grievance, ruled that the Plaintiff's claim was "non-grievable." This assertion clearly demonstrates that H.R.Y.C.I. offered no available remedy for the Plaintiff.
8. Still feeling as if he was being treated deliberately indifferent due to his inmate status, the Plaintiff submitted a grievance to the Bureau Chief of the Department of Corrections concerning all that had transpired. To date, his grievance has been demurred. However, about 2-3 days after submitting his grievance to the Bureau Chief, the Plaintiff was called to a dentist appointment within H.R.Y.C.I.
9. At the July 12th, 2006 dental appointment, the Plaintiff was supposed to be getting work done on his front, left tooth (the one for which he constantly complained). The dentist began his procedure, and the Plaintiff began to recognize that the dentist was too far back in his mouth to be working on the front, left tooth. Before it was clearly confirmed that the dentist was, in fact, working on the wrong tooth, the Plaintiff's bottom, left molar had been pulled and/ or removed from his mouth. There was absolutely nothing wrong with his bottom, left molar, and the bottom, left tooth (the one for which he was in constant pain) was still in his mouth.

10. The Plaintiff left the dentist and returned to his housing unit in H.R.Y.C.I. After examining his mouth in a mirror, and realizing that the dentist pulled the wrong tooth, the Plaintiff immediately alerted the Corrections Officer working his unit (Officer Banks).

11. Officer Banks immediately called the Correctional Medical Systems department within H.R.Y.C.I., and explained what the Plaintiff had relayed to him. C/O Banks informed the Plaintiff that the medical department representative simply laughed at the mistake (literally), and stated that they'd "get back to [the Plaintiff]."

12. Having been undoubtedly become the victim of deliberate indifference and cruel and unusual punishment, the Plaintiff submitted a verbal complaint to Deputy Warden Mark Emig on July 13th, 2006. Deputy Warden Emig was touring the Plaintiff's housing unit, and the Plaintiff approached him about the incident. The Deputy Warden recorded all of the facts of the case, and informed the Plaintiff that he'd investigate the matter. To date, nothing has occurred.

13. The predicate for the instant Civil Action is based upon what is an obvious and overt act of deliberate indifference and cruel and unusual punishment, which rises to the level of an 8th Amendment abridgement. Additionally, H.R.Y.C.I. offers no remedy to infringements such as those claimed in the instant filing, which is concisely reflected in its Inmate Grievance Committee's decision to rule his grievances "non-grievable." The auspices of **42 U.S.C. § 1983** are the proper and just recourse for this matter.

14. The Plaintiff's bad tooth **still** remains in his mouth; and the pain is insurmountable. With Correctional Medical Systems' knowledge of the pain, as well as its' mistake exacted upon the Plaintiff, *prima facie* evidence exists of a knowing, intentional, and malicious act of deliberate indifference and cruel and unusual punishment perpetuated on its' behalf. Relief must be GRANTED.

2. I ALSO REQUEST COMPETENT, SAFE, AND ADEQUATE MEDICAL CARE.

3. COMPENSATORY DAMAGES SHOULD BE AWARDED AS WELL FOR THE UNNECESSARY REMOVAL OF A HEALTHY BODY PART FROM MY PERSON.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __20__ day of __July__, __2006__.

__Richard I. Blackston__
(Signature of Plaintiff 1)

_____
(Signature of Plaintiff 2)

_____
(Signature of Plaintiff 3)

4



Richard I. Blackston
P.O. Box 861
Wilmington, Del.

WILMINGTON, DE 19850

U.S. District Court
Lockbox 18
Boggs Federal Building
844 King Street
Wilmington, Del.
　　　　　19801