**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| RICHARD I. BLACKSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 06-448-SLR |
| | ) | |
| CORRECTIONAL MEDICAL SYSTEMS | ) | JURY TRIAL |
| (CMS) | ) | DEMANDED |
| | ) | |
| Defendant. | ) | |

**MOTION OF DEFENDANT, CORRECTIONAL MEDICAL SYSTEMS (CMS), TO DISMISS PLAINTIFF'S COMPLAINT[1]**

Defendant, Correctional Medical Systems (CMS) (correctly named Correctional Medical Services, Inc.) (hereinafter "CMS"), through its undersigned counsel, hereby respectfully moves this Honorable Court to enter the attached Order, dismissing Plaintiff's Complaint with prejudice and, in support thereof, avers as follows:

1.  Plaintiff filed a Complaint in this matter on July 24, 2006 alleging violations of his civil rights pursuant to 42 U.S.C. § 1983.  A copy of Plaintiff's Complaint is attached hereto as Exhibit "1".

2.  In his Complaint, plaintiff alleges that while at Howard R. Young Correctional Institution ("HRYCI") a dentist extracted an incorrect tooth and did not provide care for a second tooth.  See Plaintiff's attachment to his Complaint at Exhibit "1".

3.  In his Complaint, plaintiff states that there is a prisoner grievance procedure at his institution of incarceration and states:  a) that he filed three medical grievances and  b) the medical grievances were determined to be non-grievable.  See Exhibit "1" at ¶ II (A) and (C)(1-2).

---

[1] Moving defendant waives its right to file an Opening Brief and submits this Motion in lieu thereof pursuant to Local Rule 7.1.2.  However, moving defendant reserves the right to file a Reply Brief.

However, on September 9, 2000, after discussing them with the dental department, plaintiff signed off on grievances numbers 52565 and 49685.  See Dental Inmate Registration Card attached as Exhibit "2".

    4.    The plaintiff has failed to exhaust the administrative remedies available to him as required by the Prison Litigation Reform Act of 1996.  42 U.S.C. §1997e (a) provides that:

> No action shall be brought with respect to prison conditions under Section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available to him are exhausted.

    5.    The Courts have upheld the requirements of 42 U.S.C. §1997e (a), and stated that an inmate must first exhaust all the administrative remedies available to him/her prior to filing a §1983 action premised upon prison conditions.  Nyhuis v. Reno, 204 F.3d 65, 67 (3rd Cir. 2000) ("(T)he PLRA amended § 1997e(a) in such a way as to make exhaustion of all administrative remedies mandatory - whether or not they provide the inmate-plaintiff with the relief he says he desires in his federal action"); see also Booth v. Churner,  206 F.3d 289, 294-295 (3d Cir. 2000), aff'd, 532 U.S. 731 (§1997e(a) mandates that exhaustion of administrative procedures is required, regardless of the relief offered.).  "(P)risoners must now exhaust all 'available' remedies, not just those that meet federal standards."  Woodford v. Ngo, 126 S. Ct. 2378, 2383 (2006).  Proper exhaustion is required and this "demands compliance with an agency's deadlines and other critical procedural rules."  Id. at 2386.

    6.    Prison conditions have been defined to include the environment in which the prisoners live, the physical conditions of that environment and the nature of the services provided therein.  Booth, 206 F.3d at 291.

    7.    The Delaware Department of Corrections has established administrative procedures that an inmate must follow to file a medical grievance.  See Exhibit "3", at 6. An

inmate must file a grievance with the Inmate Grievance Chairperson ("IGC") who then forwards it to the medical staff for review. If action needs to be taken, the medical staff is required to attempt an informal resolution of the grievance with the inmate. If the grievance cannot be resolved informally, the grievance is forwarded to the Medical Grievance Committee to conduct a hearing. Id.

8. If the medical grievance hearing decision does not satisfy the inmate, the inmate may complete a Medical Grievance Committee Appeal Statement which is then submitted to the Bureau Grievance Officer. See Exhibit "3", at 7. The Bureau Grievance Officer recommends a course of action to the Bureau Chief of Prisons, who renders a final decision.

9. It is clear from the Complaint that the plaintiff is complaining about a prison condition which under 42 U.S.C. §1997e(a) required him to exhaust all the administrative remedies available to him. It is equally clear from a review of the Complaint that the plaintiff never exhausted his administrative remedies made available by the Delaware Department of Corrections. Plaintiff admits in his Complaint he filed three medical grievances. See Exhibit "1" at ¶ II. However, there is no indication that a Medical Grievance Committee Appeal Statement was filed with regards to the medical grievance hearing decision or that any other medical grievances were filed. In addition, he signed off on grievances numbers 52565 and 49685. See Exhibit "2".

10. 42 U.S.C. §1997e(a) should be applied without exception to promote the policy behind the exhaustion requirement, which is to allow the Department of Corrections an opportunity to discover and correct mistakes and conserve judicial resources. O'Neil v. Kearney, et al., C.A. No. 99-849-SLR, Memorandum Order (Robinson, J. November 6, 2000) (citing Nyhuis v. Reno, 204 F.3d 65, 75 (3rd Cir. 2000)). (Attached as Exhibit "5"). At the time this

action was filed procedural steps remained under the Department of Corrections Inmate Grievance Procedure that were not completed, thereby obviating any opportunity to discover and correct any alleged mistake and wasting judicial resources. At the time Plaintiff's Complaint was filed, the Grievance Committee had not convened to render a decision regarding Plaintiff's grievances. Therefore, plaintiff's Complaint must be dismissed.

11. In order to state a cognizable claim for violations of civil rights in connection with medical treatment, "a prisoner must allege and prove acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977). A plaintiff must prove that the defendant either acted with "reckless disregard" or "actual intent" to disregard his medical condition to satisfy the "deliberate indifference" test set forth in Estelle. Benson v. Cady, 761 F.2d 335, 339 (7th Cir. 1985). To show "deliberate indifference", a plaintiff must demonstrate that the individual attending to his medical condition consciously disregarded a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 838 (1994). In addition, a plaintiff must allege that his medical condition is "serious". Boring v Kozakiewicz, 833 F.2d 468, 472 (3d Cir. 1987), cert. denied, 485 U.S. 991 (1988). Mere medical malpractice does not give rise to a claim for a violation of the Eighth Amendment to the U.S. Constitution. Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993). A claim for medical malpractice should be brought in state court under the applicable tort law, not in federal court. Estelle, 429 U.S. at 107.

12. The allegations even if assumed to be true, do not constitute deliberate indifference to a serious medical condition in violation of the plaintiff's Eighth Amendment rights. Although plaintiff disagreed with the medical treatment he received, this alone does not support a claim for violation of his civil rights under 42 U.S.C. § 1983. "Where the plaintiff has

received some care, the inadequacy or impropriety of the care that was given will not support an Eighth Amendment claim". Norris v. Frame, 585 F.2d 1183, 1186 (3rd Cir. 1978). Claims for inadequate medical care pursuant to the Eighth Amendment must be denied where the complaint is that the medical treatment did not comport with the inmate's requests since it is merely a disagreement over the proper means of treatment. Boring, 833 F.2d at 473.

13. Plaintiff has received adequate dental treatment and his dental conditions have not been consciously disregarded. Plaintiff filed requests for dental services on: April 4, 2006; May 15, 2006; May 18, 2006 and November 12, 2006. Following each of these requests, he was scheduled for treatment. Following plaintiff's April 4, 2006 request, he was scheduled for sick call and the socket was irrigated and dry socket paste was applied. Following plaintiff's May 5, 2006 request, plaintiff did not show for sick calls on May 15, 2006 and May 18, 2006. In addition, he was scheduled for an extraction and x-ray of tooth #19; however, he did not show for the x-ray appointment scheduled for August 24, 2006. Following the November 12, 2006 request, plaintiff was treated on December 15, 2006 and he was scheduled to have dentures fabricated in January of 2007. Plaintiff's medical records from 2005 through 2006 are attached as Exhibit "4".

14. Plaintiff consented to the removal of his teeth. On March 28, 2006, plaintiff consented to the removal of teeth # 30 and 31 and on July 12, 2006, he consented to the removal of tooth #19. On September 19, 2006, he consented to the removal of tooth #1 and on October 31, 2006, he consented to the removal of teeth #5, 12 and 22.

15. CMS may only be held liable for a policy or custom that demonstrates deliberate indifference to plaintiff's serious medical needs. Miller v. Correctional Medical Systems, Inc., 802 F. Supp. 1126 (D. Del. 1992) (citing Monell v. Dept. of Social Services, 436 U.S. 658

(1978)). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy or edict.'" Whalen v. Correctional Medical Services, et al., 2003 U.S. Dist. LEXIS 21334 (citing Miller, 802 F. Supp. at 1132)). (Attached as Exhibit "6").

16.  "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." Id.

17.  "To state a claim, plaintiff would have to demonstrate that CMS has a policy or custom of not providing necessary medical care to inmates." Whalen, C.A. No. 02-246-JJF Mem. Op. at 4. See Exhibit "6". "CMS would not be liable unless it had a policy or custom that encouraged or otherwise caused its physicians to not provide such necessary services." Id.

18.  In this case, Plaintiff cannot prove any set of facts that would demonstrate that CMS had a policy or custom that led the medical staff to deprive him of necessary medical care.

19.  Moreover, CMS cannot be held responsible for the acts of its employees under a theory of respondeat superior in an action under the Eighth Amendment. Private corporations that provide medical services for the State cannot be held liable under a theory of respondeat superior. Swan v. Daniels, 923 F. Supp. 626, 633 (D. Del. 1995); Miller v. Correctional Medical Systems, Inc., 802 F. Supp. 1126, 1132 (D. Del. 1992). For a plaintiff to prevail, the defendant must have personal involvement in the alleged wrong; "liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d. 1195, 1207 (1988).

20.  A claim may be dismissed because it fails to allege sufficient facts to support a cognizable legal claim. Fed. R. Civ. P. 12(b)(6). Even a pro se litigant must plead sufficient facts to sustain a legal claim. See Riddle v. Mondragon, 83 F. 3d 1197, 1202 (10th Cir. 1996).

As a matter of law, plaintiff's claims against CMS must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

WHEREFORE, defendant, Correctional Medical Services, Inc., moves this Honorable Court to dismiss all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6).

                MARSHALL, DENNEHEY, WARNER,
                COLEMAN & GOGGIN

BY:   */s/ Eric Scott Thompson*
       KEVIN J. CONNORS, ESQ.
       DE Bar ID: 2135
       ERIC SCOTT THOMPSON, ESQ.
       DE Bar ID: 4633
       1220 North Market Street, 5th Fl.
       P.O. Box 8888
       Wilmington, DE 19899-8888
       Attorneys for Defendant, Correctional Medical Services, Inc.

DATED: January 31, 2007

\15_A\LIAB\ESTHOMPSON\LLPG\403709\ESTHOMPSON\13252\00178

## CERTIFICATE OF SERVICE

I, Eric Scott Thompson, hereby certify that two (2) copies of the **MOTION OF DEFENDANT, CORRECTIONAL MEDICAL SYSTEMS (CMS), TO DISMISS PLAINTIFF'S COMPLAINT** have been served by regular mail to:

Richard I. Blackston
SBI #215299
Howard R. Young Correctional Institution
P.O. Box 9561
Wilmington, DE 19809

                                        MARSHALL, DENNEHEY, WARNER,
                                        COLEMAN & GOGGIN

BY:   */s/ Eric Scott Thompson*
           KEVIN J. CONNORS, ESQ.
           DE Bar ID: 2135
           ERIC SCOTT THOMPSON, ESQ.
           DE Bar ID: 4633
           1220 North Market Street, 5th Fl.
           P.O. Box 8888
           Wilmington, DE 19899-8888
           Attorneys for Defendant, Correctional Medical Services, Inc.

DATED: January 31, 2007

\15_A\LIAB\ESTHOMPSON\LLPG\403709\ESTHOMPSON\13252\00178

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICHARD I. BLACKSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 06-448-SLR |
| | ) | |
| CORRECTIONAL MEDICAL SYSTEMS (CMS) | ) ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## **ORDER**

ON THIS _____ day of _____ , 2007, having considered the Motion of Defendant, Correctional Medical Services, Inc., to Dismiss Plaintiff's Complaint, and all Responses thereto, and there being good cause to grant such Motion,

IT IS ORDERED THAT all claims against Defendant, Correctional Medical Services, Inc., is hereby dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

_____
The Honorable Sue L. Robinson

\15_A\LIAB\ESTHOMPSON\LLPG\403711\ESTHOMPSON\13252\00178