# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD I. BLACKSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 06-448-SLR |
| | ) |
| CORRECTIONAL MEDICAL | ) |
| SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

Richard I. Blackston, Pro se Plaintiff.

Eric Scott Thompson, Esquire, of Marshall, Dennehey, Warner, Coleman & Goggin. Wilmington, Delaware.  Counsel for Defendant.

## **MEMORANDUM OPINION**

Dated:  August  16, 2007
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Richard I. Blackston filed this 42 U.S.C. § 1983 action alleging that defendant Correctional Medical Services, Inc. ("CMS") provided inadequate dental care in violation of the Eighth Amendment. (D.I. 2) Defendant CMS has moved for summary judgment.[1] (D.I. 11) Although afforded ample opportunity and notice, plaintiff has not filed responsive papers. (D.I. 14, 15) For the reasons that follow, defendant's motion will be granted.

## II. BACKGROUND

In April 2006, while incarcerated at the Howard Young Correctional Institution, plaintiff had two molar teeth extracted. (D.I. 2; D.I. 12, ex. 4) During the extraction process, plaintiff informed the treating dentist that he was experiencing severe pain in his front, left tooth ("front tooth"), apparently because of a cavity. According to plaintiff, the dentist advised that there was "an unwritten policy prohibit[ing] any fillings from being placed in inmates' teeth without the inmate having at least 6 months served inside of the facility." (D.I. 2 at ¶ 2) Plaintiff's request to examine the policy was denied.

In May 2006, plaintiff filed an inmate grievance and request for proper care of his front tooth with the "Commissioner of Corrections."[2] (Id. at ¶ 3; D.I. 12, exs. 2, 4)

_____

[1]Because defendant referred to matters outside the pleadings, its motion to dismiss is being treated as a motion for summary judgment. See Fed. R. Civ. P. 12(b)(6); (D.I. 15).

[2]Defendant submitted medical records that briefly reference two of plaintiff's grievances: "Grievance discussion #52565"; and "Signed off on grievances #52565 and # 49685". (D.I. 12, ex. 2) Neither party submitted: (1) copies of the grievances in issue; (2) grievance log records; or (3) additional documentation regarding the

Because his front tooth pain was severe, plaintiff requested emergency dental treatment. (D.I. 12, ex. 4) Plaintiff informs that the grievance was returned to the Inmate Grievance Committee without a hearing; however, a dental appointment was scheduled. (Id.)

In June 2006, plaintiff filed a second grievance with Warden Raphael Williams. Plaintiff was advised that the Inmate Grievance Committee found his complaint was non-grievable. (Id. at ¶ 7) Plaintiff submitted a third grievance to the Department of Correction Bureau Chief. Although he did not receive a response to the grievance, plaintiff was scheduled for another dental appointment.

During a July 12, 2006 dental appointment, plaintiff's bottom left molar was removed. An informed consent for the extraction of his tooth form bearing plaintiff's signature was dated July 12, 2006. (D.I. 12, ex. 4) After complaining that his front tooth problems were not addressed, plaintiff was told this would be treated at a later time. (D.I. 2 ¶ 11) On July 13, 2006, plaintiff informed the deputy warden of his dental problems. (Id. at ¶ 12)

Medical records reflect that during the next few months, plaintiff received additional dental treatment. (D.I. 12, exs. 2, 4) Four of his teeth were extracted, with his consent, in November 2006. As a result, plaintiff did not have any remaining top teeth. Fabrication of dentures was scheduled to commence in January 2007. (D.I. 12, ex. 4)

---

grievances. (See D.I. 12, ex. 3 at 6-7, procedure for medical grievances). Without this documentation, the factual background herein is based on an integration of plaintiff's claims with defendant's exhibits.

2

## III. STANDARD OF REVIEW

A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n.10 (1986); Kaucher v. County of Bucks, 455 F.3d 418 (3d Cir. 2006).

"Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." Horowitz v. Fed. Kemper Life Assurance Co., 57 F.3d 300, 302 n.1 (3d Cir. 1995) (internal citations omitted). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is

3

entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

Defendant asserts that summary judgment is warranted because plaintiff failed to exhaust his administrative remedies before filing this action as mandated by the Prison Litigation Reform Act ("PLRA").[3] (D.I. 11) Although plaintiff claims to have filed three grievances, defendant submits that he failed to file an appeal on any decision rendered. (D.I. 11) Defendant also notes that plaintiff signed off on two grievances. (D.I. 12, ex. 2)

Under the PLRA., exhaustion is mandatory and prisoners must exhaust administrative remedies for any claim that arises within the prison, regardless of any limitations on the kind of relief available through the grievance process, before filing suit in federal court. Porter v. Nussle, 534 U.S. 516, 532 (2002). The purpose of the exhaustion requirement is "(1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits." Spruill v. Gillis, 372 F.3d 218, 227 (3d Cir. 2004).

---

[3]42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under [§ 42 U.S.C. § 1983] by a prisoner until such administrative remedies as are available are exhausted."

4

The United States Supreme Court has concluded that exhaustion means proper exhaustion, e.g., "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Woodford v. Ngo, ___ U.S. ___, ___ , 126 S.Ct. 2378, 2384 (2006). The Third Circuit has stated that, the "determination whether a prisoner has 'properly' exhausted a claim (for procedural default purposes) is made by evaluating the prisoner's compliance with the prison's administrative regulations governing inmate grievances, and the waiver, if any, of such regulations by prison officials." Spruill v. Gillis, 372 F.3d 218, 222 (3d Cir. 2004).

Failure to substantially comply with requirements of the grievance system may result in a procedural default of that claim. Id. at 227-32. "Defendants must plead and prove failure to exhaust as an affirmative defense." It must be pleaded and proven by defendants. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002); Brown v. Croak 312 F.3d 109, 111 (3d Cir. 2002).

The record reflects that plaintiff filed grievances regarding his dental care; however, what transpired after the grievances were filed it not clear. While there are references to two grievances to which plaintiff "signed off", neither party has provided copies of the grievances nor information reflecting the outcome of any hearings or actions taken. For this reason, the court will deem the administrative remedies exhausted and will review the merits of plaintiff's claim.

## B. Eighth Amendment Claim

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v.

5

Gamble, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an
inmate must allege (I) a serious medical need and (ii) acts or omissions by prison
officials that indicate deliberate indifference to that need. Id. at 104; Rouse v. Plantier,
182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows
that a prisoner faces a substantial risk of serious harm and fails to take reasonable
steps to avoid the harm. Framer v. Brennan, 511 U.S. 825, 837 (1994). A prison
official may manifest deliberate indifference by "intentionally denying or delaying access
to medical care." Estelle v. Gamble, 429 U.S. at 104-105.

However, "a prisoner has no right to choose a specific form of medical
treatment," so long as the treatment provided is reasonable. Poole v. Taylor, 466 F.
Supp.2d 578, 589 (D. Del. 2006) (citing Harrison v. Barkley, 219 F.3d 132, 138-140 (2d
Cir. 2000). An inmate's claims against members of a prison medical department are
not viable under § 1983 where the inmate receives continuing care, but believes that
more should be done by way of diagnosis and treatment and maintains that options
available to medical personnel were not pursued on the inmate's behalf. Estelle, 429
U.S. at 107. Moreover, allegations of medical malpractice are not sufficient to establish
a constitutional violation. White v. Napoleon, 897 F.2d 103, 108-109 (3d Cir. 1990);
Spruill v. Gillis, 372 F.3d at 235. Mere disagreement as to the appropriate treatment is
insufficient to state a constitutional violation. Spruill, 372 F.3d at 235.

Considering the uncontroverted record at bar against Estelle and its progeny, the
court finds that plaintiff's claims do not rise to an Eighth Amendment violation.
Significantly, plaintiff has presented nothing to contradict medical records establishing
that he received numerous dental examinations and treatments to resolve routine

6

problems, as well as emergency concerns. (D.I. 12, ex. 4) He received treatment for accompanying problems, consented to the removal of several teeth, and is scheduled to have dentures fabricated.

Furthermore, to the extent that plaintiff relies on the theory of respondent superior to hold defendant, a corporation, liable, he has failed to allege a policy or custom that demonstrates such deliberate indifference. Sample v. Diecks, 885 F.2d 1099, 1110 (3d Cir. 1989); Miller v. Correctional Med. Sys., Inc., 802 F. Supp. 1126, 1132 (D. Del. 1992); Natale v. Camden County Corr. Facility, 318 F.3d 575, 584 (3d Cir. 2003).

## V. CONCLUSION

For the reasons stated, defendant's motion for summary judgment is granted. An appropriate order shall issue.